IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JAMES C. DEITRICH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-18 |
| | : | |
| WYNDHAM WORLDWIDE CORP., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                         **September 30, 2011**

      Appellant James Deitrich appeals from the bankruptcy court's February 2, 2010, order dismissing with prejudice his adversary proceeding against Appellees Wyndham Worldwide Corp. (WWC) and Equivest St. Thomas, Inc. (ESTI), a WWC subsidiary and Deitrich's employer. Appellees ask this Court to dismiss Deitrich's appeal for failure to prosecute pursuant to Federal Rule of Bankruptcy Procedure 8001(a). For the reasons set forth below, Appellees' motion will be granted.

**FACTS**

      In August 2007, Deitrich filed the underlying civil action against ESTI and WWC in the District Court of the Virgin Islands, St. Croix Division, alleging violations of the Age Discrimination in Employment Act and the Equal Pay Act (the St. Croix action). Because ESTI had filed a Chapter 11 bankruptcy petition the previous month, ESTI filed a suggestion of bankruptcy in the St. Croix action, noting the action had been stayed against ESTI by operation of 11 U.S.C. § 362.

      Deitrich was thereafter added as a creditor of ESTI in the bankruptcy case in March 2008, and he filed a proof of claim in the bankruptcy case the following month. ESTI objected to Deitrich's claim on the basis that he had failed to meet his burden to prove the prima facie validity of the claim. On June 18, 2008, the bankruptcy court entered an order disallowing Deitrich's claim.

The same day, the bankruptcy court entered an order confirming ESTI's plan of reorganization (the Plan).

In January 2009, ESTI filed a motion to enforce the Plan, which ESTI contended operated to discharge all claims against ESTI not specifically affirmed therein. ESTI argued the bankruptcy court's confirmation order barred Deitrich from pursuing his disallowed employment claims not only against ESTI but also against WWC as a "Released Person" under the Plan. On January 16, 2009, the bankruptcy court granted ESTI's motion, ordered Deitrich to file a notice of dismissal with prejudice of "the Deitrich Litigation," *i.e.*, the entire St. Croix action, and awarded ESTI costs and fees incurred in connection with the motion. *In re Equivest St. Thomas, Inc.*, No. 07-30011 (Bankr. D.V.I.), ECF No. 848. Deitrich appealed the bankruptcy court's January 16 order to the district court, but his appeal was dismissed in June 2009 based in part on Deitrich's "lack of response[] to [ESTI's motion to dismiss]." *Deitrich v. Equivest St. Thomas, Inc.*, No. 09-27 (D.V.I.), ECF No. 10.

Following the dismissal of Deitrich's appeal, ESTI filed a motion in the St. Croix action, asking the court to dismiss the case with prejudice in accordance with the bankruptcy court's January 16, 2009, order. The Magistrate Judge to whom motions in the case were referred granted the motion in part and ordered Deitrich to file a notice of dismissal with prejudice as to ESTI. Pursuant to the Magistrate Judge's order, on July 22, 2009, Deitrich filed a motion to dismiss his action against ESTI with prejudice. ESTI thereafter moved for partial reconsideration, noting the January 16 order had required Deitrich to dismiss the entire St. Croix action. On August 25, 2009, the Magistrate Judge granted the motion and directed Deitrich to file a notice of dismissal of the entire St. Croix action with prejudice within five days. Deitrich sought reconsideration of the Magistrate Judge's August 25 order, arguing the bankruptcy court lacked jurisdiction to address his claims

2

against WWC.  On September 11, 2009, however, the Magistrate Judge denied Deitrich's motion, ordered him to file a notice of dismissal of the entire St. Croix action by September 16, 2009, and stated failure to file such notice of dismissal would subject Deitrich to sanctions.

Deitrich thereafter objected to the Magistrate Judge's September 11 order and sought de novo review of the order by the district court.  On November 13, 2009, the district court referred the case to the bankruptcy division pursuant to 28 U.S.C. § 157(a).

On November 23, 2011, the bankruptcy court entered an order opening an adversary proceeding captioned *Deitrich v. Wyndham Worldwide Corp., et al.*, Adversary No. 09-3091 (Bankr. D.V.I.) (the adversary proceeding), and directing that all pleadings relating to the St. Croix action be docketed in the adversary proceeding.  The same day, the bankruptcy court issued an order to show cause, directing Deitrich (1) to appear on February 2, 2010, to show cause why he should not be held in civil contempt and sanctioned by having the adversary proceeding (and thus the St. Croix action) dismissed with prejudice and by having costs and attorneys' fees awarded against him, and (2) to file a written response to the show cause order by January 11, 2010.  Notwithstanding the bankruptcy court's order requiring all pleadings related to the St. Croix action to be docketed in the adversary proceeding, Deitrich filed his written response to the show cause order in the St. Croix action on January 11, 2010.  The following day, he filed another motion in the St. Croix action, seeking withdrawal of the reference of the case to the bankruptcy court.[1]

Following a hearing on February 2, 2010, the bankruptcy court entered an order holding Deitrich in civil contempt of court, dismissing the adversary proceeding with prejudice, directing the

---

[1] The district court in the St. Croix action denied Deitrich's motion to withdraw the reference on February 3, 2010.  Deitrich moved for reconsideration, but the district court denied the motion on April 13, 2010.

3

Clerk to take all necessary actions to cause the St. Croix action to be dismissed with prejudice, and indicating a further proceeding would be scheduled to consider additional sanctions.² On February 17, 2010, Deitrich filed a notice of appeal from the bankruptcy court's February 2 order dismissing the adversary proceeding with prejudice.³ On February 22, 2010, the Clerk of Court issued a scheduling order with respect to Deitrich's appeal in case number 2010-18. The order specified all filings regarding the appeal were to include "the docket **D.C. APP. CIVIL NO.** 2010-18 failing which the documents shall not be deemed filed." *Deitrich v. Wyndham Worldwide Corp.*, No. 10-18 (D.V.I.), ECF No. 2. The order also directed Deitrich to file and serve the designation of record and a statement of the issues to be presented within 10 days, "failing which the Appeal may be dismissed for failure to prosecute," and further directed Deitrich to file and serve his brief within 30 days.⁴ *Id.*

Deitrich did not file his designation of record, statement of the issues, or brief within the deadlines established in the scheduling order, nor did he seek an extension of time in which to do so. Although Deitrich eventually attempted to file his record designations and statement of the issues on April 26, 2010, more than a month and a half after the 10-day deadline had passed, he filed these materials on the docket in the St. Croix action (No. 07-104) rather than in this case (No. 10-18), he

---

² On March 4, 2010, while the instant appeal was pending, the bankruptcy court ordered Deitrich to pay $3,360.00 in costs and attorneys' fees as a further sanction for his failure to dismiss the St. Croix action pursuant to the bankruptcy court's January 16, 2009, order. As of December 2010, the sanction had not been paid.

³ Deitrich erroneously filed his notice of appeal on the docket in the St. Croix action on February 16, 2010, and filed the notice of appeal on the docket in the adversary proceeding the following day.

⁴ The order directed that if the designated record included a transcript, the Appellant's brief would be due the later of 30 days from the date of the order or 15 days from the date the transcript was filed, and required any party including a transcript in its record designations to make a written request for the transcript and to file and serve a copy of the written request with its designation of record. Deitrich did not file any such transcript request in this case.

4

did not include the docket number for this appeal as the scheduling order directed, and he provided no explanation for his failure to comply with the deadlines in the scheduling order. As a result, nothing was filed on the docket in this case.

On June 1, 2010, ESTI and WWC filed the instant motion to dismiss Deitrich's appeal for failure to prosecute based on Deitrich's failure to comply with the scheduling order. Without responding to Appellees' motion, on June 5, 2010, Deitrich filed his brief, accompanied by a motion for enlargement of time, on the docket in the St. Croix action.[5] Deitrich again failed to include the docket number for this appeal. On August 2, 2010, the district court in the St. Croix action denied Deitrich's extension motion, noting Deitrich had "apparently erroneously filed his request . . . in Civil Action No. 2007-104 rather than in D.C. Civil App. No. 2010-18." *Deitrich v. Wyndham Worldwide Corp.*, No. 07-104 (D.V.I.), ECF No. 65. The district court also observed the Clerk of Court had previously directed Deitrich to "file all future documents [in his appeal], including his appellate brief 'indicating the docket number D.C. App. Civil No. 2010-18, failing which the documents shall not be deemed filed.'" *Id.*

Following the district court's order, Deitrich did not re-file the documents relating to his appeal on the docket in this case, but instead sought reconsideration of the denial of his extension motion in the St. Croix action, citing his inability to obtain a password for the bankruptcy court's electronic case filing (ECF) system. The district court denied reconsideration on September 23, 2010. The court again explained that because Deitrich's bankruptcy appeal had been assigned

---

[5] Deitrich's extension motion stated he assumed testimony taken in the bankruptcy court when his counsel was not present would have been made part of the record on appeal; however, Deitrich did not indicate he had requested a transcript and did not file any transcript request.

5

appellate case number D.C. App. Civil No. 2010-18 and assigned to a different District Judge,[6] the court "could not consider the motion for enlargement as a motion filed in the above-captioned civil matter 2007-104." *Id.*, ECF No. 67.  The court also noted Deitrich did not require a bankruptcy court password to file his appellate brief, but "should be able to file his appellate brief and appendix in the civil division of the District Court in civil appellate case 2010-18 using the same login information he used to file his motion for reconsideration in this case, 2007-104." *Id.*  The district court also warned Deitrich his "failure to understand the docketing system is not a basis for reconsideration of the order dismissing his motion for an extension of time to file. [Deitrich] must properly file that motion in *civil* (not bankruptcy) case 2010-18." *Id.*

Notwithstanding the district court's instructions, Deitrich did not thereafter file any documents in this action.

By order of November 5, 2010, this case was reassigned to this Court.  As of that date, the only activity on the docket in this case, apart from the scheduling order, was Appellees' motion to dismiss, to which Deitrich had not responded.  Therefore, on November 8, 2010, this Court ordered Deitrich to show cause no later than November 29, 2010, why Appellees' motion should not be granted.  Deitrich did not respond to the show cause order, and did not file anything in this case by the November 29 deadline.  Rather, on December 1, 2010, Deitrich filed his appellate brief.  The following day, Deitrich filed a motion for judicial disqualification, which this Court denied in June 2011.  To date, Deitrich has never responded to this Court's November 8, 2010, show cause order, and he has never filed an opposition to Appellees' motion to dismiss.

---

[6] The St. Croix action was assigned to Senior Judge Raymond L. Finch, while Deitrich's appeal was initially assigned to Chief Judge Curtis V. Gómez.

**DISCUSSION**

Federal Rule of Bankruptcy Procedure 8001(a) authorizes a district court to dismiss a bankruptcy appeal "for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules." *In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006); *see also* Fed. R. Bankr. P. 8001(a) (providing "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, *which may include dismissal of the appeal*" (emphasis added)). In determining whether dismissal for failure to prosecute is appropriate, a district court must consider and balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*In re Richardson*, 189 F. App'x at 96 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)) (emphasis omitted). No single factor is dispositive, and "not all of the *Poulis* factors need be satisfied in order to dismiss [an appeal]." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the circumstances presented here, the *Poulis* factors weigh in favor of dismissal. First, although the extent to which Deitrich was personally responsible for his counsel's failure to comply with the scheduling order in this case is not clear, it is hard to believe Deitrich was entirely unaware of the status of his case during the approximately 10 months between the filing of his notice of

appeal and his opening brief.[7]

Second, Appellees have been prejudiced by Deitrich's conduct, which has unnecessarily prolonged this already protracted litigation and forced Appellees to address Deitrich's failure to comply with court-ordered deadlines in filings in this case as well as the St. Croix action. *See In re E Toys, Inc.*, 263 F. App'x 235, 238 (3d Cir. 2008) (holding appellees were prejudiced by having to file motions to seek the appellant's compliance with court orders).

Third, Deitrich has demonstrated a history of dilatoriness, ignoring altogether the deadlines in this case. Deitrich filed his record designations and statement of issues more than a month and a half after the deadline for doing so, without seeking leave to file these materials out-of-time, and filed his brief more than two months late (and only after Appellees had moved to dismiss the appeal). Moreover, Deitrich filed these documents on the docket in the St. Croix action, despite having been advised that filings in this case were to be made in docket number D.C. Civil App. No. 2010-18 "failing which the documents shall not be deemed filed." After the district court in the St. Croix action alerted Deitrich he had filed his brief in the wrong case, he took no action to correct his error, and, as a result, none of the required documents had been filed in this action as of November 2010, when this case was reassigned to this Court. In addition, Deitrich ignored altogether the deadline in this Court's show cause order, to which he has never responded. In these circumstances, Deitrich's history of dilatoriness weighs in favor of dismissal. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir.1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with

---

[7] This Court notes Deitrich's previous pro se appeal from the bankruptcy court's January 16, 2009, order was dismissed based in part on his own failure to respond to the Appellees' motion to dismiss that appeal.

8

court orders.").

Fourth, the record reflects Deitrich's counsel's willful disregard for court orders and for the appellate process. The district court in the St. Croix action advised Deitrich in August 2010 and again in September 2010 that he was filing documents relating to this appeal on the wrong docket. In its September 23, 2010, order, the district court explained Deitrich was required to file documents relating to his appeal in the district court "in *civil* (not bankruptcy) case 2010-18," which Deitrich could do using his existing ECF login information. Yet, in the six weeks between the district court's denial of reconsideration of Deitrich's extension motion on September 23 and the reassignment of this case to this Court on November 5, Deitrich took no steps to re-file his papers on the correct docket or to seek permission to do so. Further, although this Court thereafter ordered Deitrich to show cause why Appellees' motion to dismiss should not be granted, Deitrich failed to respond and instead proceeded to file his brief and disqualification motion only after the expiration of the show cause deadline. To date, Deitrich has never responded to this Court's show cause order or Appellees' motion to dismiss and has filed only his brief on the docket in this appeal. Deitrich's failure to heed the St. Croix district court's directive to file materials relating to his appeal on the correct docket and disregard of this Court's order to show cause are indicative of willfulness. *See In re E Toys*, 263 F. App'x at 238 (holding an attorney's conduct in ignoring deadlines, purportedly due to illness, while tending to another case demonstrated willful disregard for the appellate process); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988) (holding the failure to respond to court orders and to advance plausible reasons therefor may indicate willfulness).

Fifth, with respect to the effectiveness of other sanctions, this Court notes the Bankruptcy

Court has already imposed monetary sanctions on Deitrich in this litigation, which remain unpaid, so further monetary sanctions seem unlikely to be any more effective. Moreover, this Court does not believe any sanction short of dismissal would be effective, given Deitrich's disregard of the show cause order.

Finally, it is not clear whether the claims Deitrich wishes to pursue on appeal have merit. Appellees argue Deitrich seeks to raise issues he failed to present in the bankruptcy court, despite having had numerous opportunities to do so. While this factor does not clearly weigh in favor of dismissal, "not all of the *Poulis* factors need to be satisfied in order to dismiss an appeal." *Mindek*, 964 F.2d at 1373.

In this case, Deitrich filed a notice of appeal in February 2010 and thereafter failed to file a single document on the appropriate docket for almost 10 months. Moreover, to date, Deitrich has provided this Court with no explanation for his failure to comply with the scheduling order entered in this case on February 22, 2010, notwithstanding this Court's show cause order directing him to do so. As set forth above, in these circumstances, most of the *Poulis* factors weigh heavily in favor of dismissal. *See In re Richardson Indus. Contractors*, 189 F. App'x at 97 (noting "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal" (citation omitted)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (upholding the dismissal of a bankruptcy appeal for failure to file record designations and a statement of issues and failure to timely file an appellate brief where appellants' provided no explanation for their noncompliance). Accordingly, Appellees' motion to dismiss pursuant to Bankruptcy Rule 8001(a) will be granted, and Deitrich's appeal will be dismissed with prejudice.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez, J.
Juan R. Sánchez, J.

cc: Kenth Rogers, Esquire
Simone D. Francis, Esquire

11